IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMARIS R., | ) | |
| | ) | No. 20 C 1695 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge M. David Weisman |
| v. | ) | |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Amaris R. appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

## Background

On June 27, 2017, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 54-65, 72-123, 125-84.) The Appeals Council declined review (R. 1-4), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record." "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Whatever the meaning of

substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citations omitted and cleaned up).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. (R. 57.) At step two, the ALJ determined that plaintiff has the severe impairments of "seizure disorder, right knee meniscus tear status post arthroscopy and revision surgeries, mild right shoulder bursitis, headaches, fibromyalgia, depression, attention deficit hyperactivity disorder (ADHD), generalized anxiety disorder (GAD), post-traumatic stress disorder (PTSD), and borderline personality disorder." (*Id.*) At step three, the ALJ found that

2

plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.*) At step four, the ALJ found that plaintiff cannot perform any past relevant work but has the RFC to perform sedentary work with certain exceptions. (R. 60, 64.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 64-65.)

Plaintiff argues that the ALJ's analysis of the psychological opinion evidence was flawed. In evaluating an opinion, the ALJ was required to consider (1) how well the objective medical evidence supports the opinion; (2) how consistent the opinion is with other record evidence; (3) the medical source's relationship with the claimant including, the length, purpose, and extent of the treatment relationship, the frequency of examinations, the source's medical specialty, and any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1520c(c). The first two factors, supportability and consistency, are the most important factors in the analysis, and the only ones the ALJ is *required* to address in her opinion. 20 C.F.R. § 404.1520c(a), (b)(2).

The ALJ discounted the September 20, 2017 opinion of consulting examiner Kenneth Levitan and the September 28, 2018 opinion of Wynetta Harris, plaintiff's treating psychiatrist. After examining plaintiff, Dr. Levitan said plaintiff can "perform simple and routine tasks," "would have difficulty handling moderate work pressure and stress," "could communicate with coworkers and a supervisor," and "could follow and understand simple instructions, but she could not be relied on to retain them by the next working day." (R. 899.) Dr. Harris said plaintiff is "prone to irritability" and "interpersonal challenges," "cannot tolerate being in contact with multiple people," and has a "persistent, moderate level of inability to cope with situational stressors." (R. 942.) The ALJ rejected these doctors' opinions because they were inconsistent

3

with evidence that plaintiff was able to attend high school and college and work until April 2018, despite her mental health issues. (R. 63.)

The ALJ did not, however, note that Harris' and Levitan's opinions were consistent with those of the agency psychiatrists. (*See* R. 143 ("Clmt is capable of . . . superficial social contact and reduced stress tolerance"); R. 160 (same); R. 175 (same); R. 134 ("Clmt would do best w/ superficial contact w/ general public and others in a work setting."); R. 147 (same); R. 164 (same).) Or that Harris' and Levitan's opinions were consistent with plaintiff's sister's statements that plaintiff "wakes up wanting to argue about something," "[s]he yells and curses at [random] people," she "has a short fuse" and "her mood or attitude" changes every thirty minutes, and plaintiff's statements that "at any given time [her] mood changes and [she] start[s] assuming or believe things that make [her] tell people off or start an argument" and she "get[s] angry quick." (R. 318, 322, 339, 345, 368.) Moreover, in evaluating these opinions, the ALJ did not even address the second required element, *i.e.*, how well the objective medical evidence supports them. 20 C.F.R. § 404.1520c(a), (b)(2). Because the ALJ did not properly evaluate the medical opinion evidence, and may have incorporated further social restrictions into the RFC if she had, her failure to do so is error. Accordingly, this case must be remanded for reassessment of the medical opinion evidence.

## Conclusion

For the reasons set forth above, the Court reverses the Commissioner's decision, denies the Commissioner's motion for summary judgment [32], and pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Order.

**SO ORDERED.**　　　　　　　　　　**ENTERED: March 31, 2022**

**M. David Weisman**
**United States Magistrate Judge**